Reversed and Rendered and Memorandum Opinion filed 16, 2006








Reversed and
Rendered and Memorandum
Opinion filed 16, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00830-CV

____________

 

FLAGSHIP HOTEL, LTD., Appellant

 

V.

 

ANTHONY B. HAYWARD, Appellee

 



 

On Appeal from the 10th
District Court

Galveston County, Texas

Trial Court Cause No. 03CV0032

 



 

M E M O R A N D U M   O P I N I O N

Appellee, Anthony B. Hayward, sued appellant, Flagship
Hotel, Ltd. (AFlagship@), for
negligence.  A jury found Flagship negligent and awarded damages in the amount
of $500,000.  Flagship contends this judgment was in error for three reasons:
(1) the trial court erred in failing to grant appellant=s motion for JNOV
because appellee=s expert evidence was legally insufficient
to prove causation; (2) the evidence was legally insufficient to prove future
damages; and (3) the evidence was legally insufficient to prove negligence
under a premises liability theory.  We do not reach Flagship=s second and third
issues because we hold  the evidence was legally insufficient to support the
jury=s finding of
proximate cause; therefore, we reverse and render judgment that Hayward take
nothing by his suit.  








Factual and Procedural Background

Flagship employed Hayward originally from 1997 until the
end of 1998 as its chief engineer.  Hayward quit that job in order to work for
a different hotel.  However, in 2000, Flagship contacted Hayward and offered
him the position of chief engineer, so that he could work on renovation
projects for Flagship.  Hayward accepted the position.

Hayward=s work entailed removing fixtures from a
hotel in Houston and transporting them to Galveston.  He then removed fixtures
from the Flagship roomsCsuch as sinksCand installed the
fixtures from the Houston hotel.  This process involved lifting 150-pound
marble sinks, cutting them to size, and then installing them into each of the
rooms.  According to Hayward, the work was Avery heavy.@  

During the demolition process, Hayward began experiencing
pain in his neck and back.  He saw a doctor who prescribed some pain
medication, but who did not recommend that Hayward cease working.  However, in
May 2002, Hayward was carrying a marble sink up one of the concrete ramps at
the Flagship hotel when the ramp crumbled underneath his foot.  His leg went
into the void beneath the concrete support, and the sink was destroyed. 
Hayward testified that his leg was not seriously injured, but that he felt Aa major burning
sensation@ that turned into a stinging sensation in his back. 
Hayward was 39 years old at the time of the accident.

Prior to the accident, Hayward had been diagnosed with a
narrowing of the spinal canal.  Hayward=s expert, Dr. Kim
Jeffrey Garges, testified that Hayward=s condition was
the result of a degenerative spinal disease.  Prior to the accident, Dr. Garges
had recommended a treatment of pain management, but had not recommended surgery
or that Hayward alter his working conditions.  Following the accidentCfrom May until
NovemberCHayward did not
return to Dr. Garges, or seek a change in treatment.  In November, Dr. Garges
noted that Hayward had not suffered any recent accidents or injuries.  Yet,
Hayward=s pain and
numbness had increased.  While not noted in his records, Dr. Garges testified
he recommended that Hayward alter his working conditions.








During the November visitCbecause of the
increased painCDr. Garges ordered new tests to be performed.  They
showed problems with Hayward=s nerve roots.  At Hayward=s  next
appointment, in January 2003, Hayward=s condition had
worsened.  Dr. Garges scheduled surgery for later that month, which was
performed on January 29, 2003.  That surgery corrected many of the problems
associated with the upper part of Hayward=s spine, but not
the lower back.

Although Hayward testified, and Dr. Garges= notes indicate,
that Hayward had related the same to himCthat his pain had
greatly increased since May 2002, there is no other testimony directly linking
the need for surgery to the accident.  Dr. Garges testified that he could not
in all medical probability relate Hayward=s condition back
to the accident versus natural progression of his condition.

The jury found, in a 10-2 verdict, that Flagship was liable
to Hayward.  It awarded a total of $500,000 in damages.  Flagship timely filed
notice of appeal.  Because we hold that there is no evidence of proximate
causation, we reverse and render a take-nothing judgment.

Analysis

I.        Standard
of Review








We will sustain a legal sufficiency or Ano‑evidence@ challenge if the
record shows one of the following: (1) a complete absence of a vital fact, (2)
rules of law or evidence bar the court from giving weight to the only evidence
offered to prove a vital fact, (3) the evidence offered to prove a vital fact
is no more than a scintilla, or (4) the evidence establishes conclusively the
opposite of the vital fact.  City of Keller v. Wilson, 168 S.W.3d 802,
810 (Tex. 2005).  We consider the evidence in the light most favorable to the
verdict and indulge every reasonable inference that supports it.  Id. at
822.  The evidence is legally sufficient if it would enable reasonable and fair‑minded
people to reach the verdict under review.  Id. at 827. We credit
favorable evidence if reasonable jurors could consider it, and disregard
contrary evidence unless reasonable jurors could not disregard it.  See id. 
The trier of fact is the sole judge of the witnesses= credibility and
the weight to be given their testimony.  See id. at 819.  We cannot
substitute our judgment for that of the jury, so long as the evidence falls
within the zone of reasonable disagreement.  See id. at 822.  But, Aif the evidence
allows of only one inference, neither jurors nor the reviewing court may
disregard it.@  Id.  In this case, there is a complete
absence of evidence proving causation; the only other evidence purportedly
supporting causation came from Hayward, and his lay evidence is not evidence we
may credit.

II.       Application
of Law to Facts

Hayward was required to plead and prove that Flagship=s negligence was
the proximate cause of his injury.  See Leitch v. Hornsby, 935 S.W.2d
114, 118 (Tex. 1996).  Proximate cause consists of cause in fact and
foreseeability.  Id.  If Hayward failed to prove proximate cause, then
his entire cause of action fails.  In cases concerning back injuries, expert
testimony is usually required.  See id. at 119 (citing cases); see
also Kemp v. Havens, 14-05-00060-CV, 2006 WL 1140319, at *3 (Tex. App.CHouston [14th
Dist.] April 27, 2006, no pet.) (stating expert testimony is required to
establish that an accident caused newly herniated disks when there are
pre-existing conditions and injuries).  If there is no medical testimony, then
some other type of expert testimony is necessary to link the alleged negligence
with the injury.  Leitch, 935 S.W.2d at 119.  Incompetent opinion
testimony will not suffice to support a finding in a no-evidence review.  Id. 









In this case, Hayward offered no scientifically reliable
evidence linking his need for surgery to the accident.  In fact, the only
expert testimony offered was indecisive at best.  Dr. Garges testified by
deposition of possibilities onlyCthat it was
possible for Hayward=s injuries and surgery to be precipitated
either by the fall, or by the normal progression of the degenerative disease. 
A medical experts= testimony must be based on reasonable
medical probability.  See Brookshire Brothers, Inc. v. Smith, 176
S.W.3d 30, 36 (Tex. App.CHouston [1st Dist.] 2004, pet. denied)
(explaining that expert testimony not based on reasonable medical probability,
but relying instead on possibility, speculation or surmise does not assist the
jury, and cannot support a judgment), cert. denied, CS. Ct.C, 2006 WL 2066640
(2006).  Expert testimony was required in this case because of the pre-existing
medical condition.  Yet the only expert testimony offered fell short of the
evidentiary requirement.

During cross examination, Dr. Garges was asked a series of
questions by counsel for appellant:

Q. Not to belabor a point and drag you on, but just to finish up, the
symptoms you stated in your November 5, 2002 notes and you just testified to
increased over what they were inApril?  

A. That=s correct.

Q. That symtomatic condition could have occurred naturally could it
not?

A. It could have, yes.        

Q. So, you cannot in all medical probability relate that to a natural
progression or an unnatural progression, can you?

A. That=s correct.

The supreme court has consistently held that expert medical
testimony can enable a plaintiff to go to the jury if the evidence establishes
reasonable probability of a causal connection between employment and the
present injury.  Schaefer v. Texas Employers= Ins. Ass=n, 612 S.W.2d 199,
202 (Tex. 1980).  In the absence of reasonable probability, the inference of
causation amounts to no more than conjecture or speculation.  Id. 

Here, Dr. Garges= testimony does no
more than suggest a possibility as to the cause of appellant=s injury.  Expert
testimony not based on reasonable medical probability, but instead relying on
possibility, speculation, and surmise is no evidence of causation.  Merrell
Dow Pharm. v. Havner, 953 S.W.2d 706, 712 (Tex. 1997).








Hayward argues, however, that this lay testimony may
support a judgment.  It is true that there are generally three methods of
proving a causal nexus between an event and resulting injuries: (1) general
experience and common sense that will enable a lay person fairly to determine
the causal nexus; (2) expert testimony establishing a traceable chain of
causation from injuries back to the event; and (3) expert testimony showing a
probable cause nexus.  Kemp, 2006 WL 1140319, at *3 (citing cases). 
While it is true that any combination of the above categories can support a
judgment generally, as we explained above, there are situations in which expert
testimony is required.  Because this is one of those cases, Hayward=s lay testimony
was simply not enough to provide probative evidence.  

A lay jury cannot use its common experience to determine
whether or not an accident in May, as opposed to the pre-existing condition,
caused a need for  surgery scheduled months later.  Indeed, there was a
six-month delay in seeing the doctor following the accident and the doctor, a
specialist in spinal injuries, could not determine what precipitated the need
for surgery with any medical certainty.  Considering that Hayward suffered from
a pre-existing degenerative spinal condition that could have led to the need
for surgery, we hold that this situation was beyond of the purview of general
experience and common sense.  Thus, Hayward was required to offer some expert
testimony on the issue of causation.  Because there was no expert testimony
with any reference to the probableCas opposed to the
possibleCcausal nexus, we
hold there was no evidence on the issue of proximate cause.      

Conclusion

Having determined there is no evidence on the issue of
proximate causation, we need not reach Appellant=s remaining
issues.  We reverse the judgment of the trial court, and render a take-nothing
judgment.

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed November 16, 2006.

Panel consists of
Justices Anderson, Hudson, and Guzman.